NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANTHONY SCIACCA, | : | Civil No. 05-1572 (SRC) |
| Petitioner, | : | |
| v. | : | MEMORANDUM OPINION |
| KATHRYN MACFARLAND, et al. | : | |
| Respondents. | : | |

RECEIVED JAN 9 2006 AT 8:30 WILLIAM T. WALSH CLERK

THIS MATTER comes before the Court upon application by petitioner, Anthony Sciacca, filed April 15, 2005, requesting appointment of pro bono counsel. Petitioner, who is proceeding *pro se*, has brought a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's application is denied without prejudice.

### DISCUSSION

There is no "automatic" constitutional right to counsel in a federal habeas corpus proceeding. Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992); see also Smith v. Angelone, 111 F.3d 1126, 1133 (4th Cir. 1997), cert. denied, 521 U.S. 1131 (1997); Williams v. Turpin, 87 F.3d 1204, 1210 (11th Cir. 1996); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir.

1985), cert. denied, 479 U.S. 913 (1986). "It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." Johnson v. Avery, 393 U.S. 483, 488 (1969); Wainwright v. Torna, 455 U.S. 586, 587 (1982); see also Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984)(appellant not entitled to counsel at state post-conviction proceedings because they are civil in nature and not covered by the Sixth Amendment which applies only during the pendency of a criminal case), cert. denied, 469 U.S. 823 (1984).

Any person seeking relief under the federal habeas statutes may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(g) (1988)("Discretionary appointment"). In addition, the court may use its discretion to appoint counsel to any indigent civil litigant proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1).[1] The factors examined by the court in an application presented under either

---

[1] Petitioner has not applied for *in forma pauperis* status in this proceeding. He paid the filing fee. In his letter requesting appointment of counsel, Sciacca indicates that he has no money to retain counsel in his habeas proceeding, but he did not provide his prison account statement as required under Local Civil Rule 81.2 for applications to proceed as an indigent in a habeas proceeding. Local Civil Rule 81.2 prohibits this Court from granting in forma pauperis status to any habeas petitioner whose prison account exceeds $200.

2

statute remain largely the same. Compare Reese, 946 F.2d at 263 (relying on § 3006A(g)); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)(same) with Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997)(articulating the standard under § 1915)(citing Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993)); Dellenbach v. Hanks, 76 F.3d 820, 823 (7th Cir. 1996)(same).

Initially, the district court must first decide if the petitioner has presented a nonfrivolous claim. See Reese, 946 F.2d at 263-64; accord Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); see also Parham, 126 F.3d at 456-57. If the court determines that a claim is not frivolous, the court next must determine whether the appointment of counsel will benefit both the petitioner and the court. See Reese, 946 F.2d at 264; cf. Parham, 126 F.3d at 457. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the *pro se* petitioner's ability to investigate facts and present claims. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); accord McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); see also Parham, 126 F.3d at 457-58. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues

were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

Here, there is no indication that petitioner does not fully comprehend the issues he presents in his § 2254 petition. His petition demonstrates an ability to present his claims "forcefully and coherently." Further, the Court finds that the issues raised by petitioner are neither factually nor legally complex. Petitioner asserts straightforward claims of ineffective assistance of trial and appellate counsel. Such claims are not often meritorious. Other than an unsubstantiated allegation that petitioner does not have the financial means to retain counsel, there is no compelling reason to justify appointment of counsel. Therefore, because petitioner has not presented sufficient facts that would compel the appointment of counsel in the interests of justice, the Court chooses not to exercise its discretionary power to assign pro bono counsel to petitioner at this time.

## CONCLUSION

For the foregoing reasons, it is the finding of this Court that petitioner's application for appointment of pro bono counsel should be denied, without prejudice, to be renewed if this Court

is presented with facts sufficient to mandate the appointment of counsel. An appropriate order follows.

STANLEY R. CHESLER
United States District Judge

Dated: 1/9/06