**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____
                                    :
ANTHONY SCIACCA,                    :
                                    :    Civil Action No. 05-1572(FLW)
            Petitioner,             :
                                    :
     v.                             :    **OPINION**
                                    :
KATHRYN MACFARLAND, et. al.,        :
                                    :
            Respondents.            :
_____  :


**APPEARANCES:**

     ANTHONY SCIACCA, Petitioner <u>Pro</u> <u>Se</u>
     # 287630/SBI# 107974B
     South Woods State Prison
     215 S. Burlington Road
     Bridgeton, New Jersey 08302


**WOLFSON**, District Judge

     This matter is before the Court on petitioner Anthony
Sciacca's petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254.  For reasons discussed below, it appears from
review of the state court record that the petition for habeas
corpus relief is subject to dismissal as time-barred under 28
U.S.C. § 2244(d).

1

I.   <u>PROCEDURAL BACKGROUND</u>

Petitioner, Anthony Sciacca ("Sciacca"), filed a petition

for habeas corpus relief on or about March 4, 2005.[1]  According

to the allegations contained in his petition, Sciacca was

convicted on January 17, 1997, and was sentenced to twenty-three

years with ten years parole ineligibility for aggravated sexual

assault, sexual assault, second degree endangering the welfare of

a child, third degree endangering the welfare of a child, and

burglary.  (R29).[2]  He appealed his conviction and sentence to

the New Jersey Appellate Division, and the conviction was

affirmed on January 28, 1999.  (R93-107).  The New Jersey Supreme

---

[1] Pursuant to the "prison mailbox rule," a habeas petition
is deemed filed on the date the prisoner delivers it to prison
officials for mailing, not on the date the petition is ultimately
filed with the court.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71
(1988); <u>see also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 112-13 (3d Cir.
1988) (applying prison mailbox rule set forth in <u>Houston</u>, which
dealt with filing of an appeal, to a pro se prisoner's filing of
a habeas petition).  Although the Court is unable to determine
from the face of the petition the exact date that Sciacca handed
his petition to prison officials for mailing, Sciacca signed the
petition on March 4, 2005.  <u>See</u> <u>Henderson v. Frank</u>, 155 F.3d 159,
163-64 (3d Cir. 1988) (using date prisoner signed petition as
date he handed it to prison officials for purposes of calculating
timeliness of habeas petition).  Accordingly, the Court finds
that March 4, 2005 was the date this petition was filed for
purposes of calculating the timeliness of the petition.

[2] "R" refers to the state court record of the proceedings as
provided by the respondents pursuant to Rule 5(c) of the Rules
Governing Section 2254 Cases in the United States District
Courts.

Court denied certification on June 8, 1999. (R124). Sciacca did not file a petition for a writ of certiorari with the United States Supreme Court.

Sciacca also alleges that he filed a petition for post-conviction relief ("PCR") in state court, on or about September 1, 1999 (R127), which was denied on September 28, 2001. (R342). The Appellate Division affirmed the denial on October 15, 2003. (R418). Additionally, the New Jersey Supreme Court denied Sciacca's petition for certification on January 21, 2004. (R423). Sciacca claims that his state PCR petition tolled the limitations period under 28 U.S.C. 2244(d)(2). However, he did not file his federal habeas petition until March 5, 2005, after the limitations period expired on January 21, 2005.

Based on the record, this Court will issue an Order to Show Cause directing the parties to show cause in writing why Sciacca's petition should not be dismissed as time-barred.[3]

_____

[3] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

was signed into law.  See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Thus, the one-year limitations period begins to run at that time.

However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particularly abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[5]  However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims."  Miller, 145 F.3d at 618.  Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights.  Id.  There are three enumerated circumstances that would permit equitable tolling in the instant case:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some

_____

[5] Equitable tolling applies:

>    only when the principles of equity would make the rigid
>    application of a limitation period unfair.  Generally,
>    this will occur when the petitioner has in some
>    extraordinary way been prevented from asserting his or
>    her rights.  The petitioner must show that he or she
>    exercised reasonable diligence in investigating and
>    bringing [the] claims.  Mere excusable neglect is not
>    sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

7

extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum.  Jones, 195 F.3d at 159.  The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Sciacca's judgment of conviction and sentence became

8

final on September 6, 1999, 90 days after the New Jersey Supreme Court denied certification on direct appeal (which was June 8, 1999).  <u>See</u> 28 U.S.C. § 2244(d)(1); <u>Swartz</u>, 204 F.3d at 419; <u>Morris</u>, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Consequently, Sciacca had one year from September 6, 1999, or until September 6, 2000 to bring his federal habeas petition under § 2254.

The Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before September 6, 2000 because Sciacca filed his state PCR application on or about September 1, 1999, before his conviction became final on September 6, 1999.  The state PCR petition remained pending in state court until January 21, 2004, when the New Jersey Supreme Court denied certiorari on appeal.  Therefore, the limitations period began to run on January 21, 2004, <u>see</u> N.J.Ct.R. 2:4-1(a). <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d at 420-24 (a state PCR petition remains pending from the time it was filed through the time in which the highest court denies the relief).  Sciacca had one year from January 21, 2004, or until January 21, 2005, to timely file his federal habeas petition.  Sciacca filed his § 2254 habeas petition on March 4, 2005, more than one month after the limitations period had expired.

The Court notes that the respondents did not raise the issue of time-bar in their answer to the petition, although petitioner

claims that his petition is timely because his state PCR petition tolled the limitations period.  This Court's review of the state court record shows, however, that the habeas petition was clearly filed after the limitations period had expired.  Nevertheless, before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness.  In <u>Day v. McDonough</u>, the Supreme Court required that the parties be given the opportunity to address the timeliness issue before the case is dismissed. <u>McDonough</u>, 126 S.Ct. 1675 (April 25, 2006).  A court can address this issue by ordering the parties to show cause for continuance of the case.

<u>CONCLUSION</u>

Therefore, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order the parties to show cause in writing why this petition should or should not be dismissed as untimely.

An appropriate order follows.


<u>s/Freda L. Wolfson</u>
FREDA L. WOLFSON
United States District Judge


DATED: August 7, 2006

10
