UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY SCIACCA,

    Petitioner,

v.

KATHRYN MACFARLAND, et. al.,

    Respondents.

Civil Action No. 05-1572(FLW)

**OPINION**

**APPEARANCES:**

    ANTHONY SCIACCA, Petitioner Pro Se
    # 287630/SBI# 107974B
    South Woods State Prison
    215 S. Burlington Road
    Bridgeton, New Jersey 08302

    TARA J. KIRKENDALL, ESQ.
    Warren County Prosecutor's Office
    413 Second Street
    Belvidere, New Jersey 07823

**WOLFSON**, District Judge

    This matter is before the Court on petitioner Anthony Sciacca's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For reasons discussed below, the petition for habeas corpus relief will be dismissed as time-barred under 28 U.S.C. § 2244(d).

1

I.   PROCEDURAL BACKGROUND

Petitioner, Anthony Sciacca ("Sciacca"), filed a petition for habeas corpus relief on or about March 4, 2005.[1] According to the allegations contained in his petition, Sciacca was convicted on January 17, 1997, and was sentenced to twenty-three years with ten years parole ineligibility for aggravated sexual assault, sexual assault, second degree endangering the welfare of a child, third degree endangering the welfare of a child, and burglary. (R29).[2] He appealed his conviction and sentence to the New Jersey Appellate Division, and the conviction was affirmed on January 28, 1999. (R93-107). The New Jersey Supreme

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Although the Court is unable to determine from the face of the petition the exact date that Sciacca handed his petition to prison officials for mailing, Sciacca signed the petition on March 4, 2005. See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that March 4, 2005 was the date this petition was filed for purposes of calculating the timeliness of the petition.

[2] "R" refers to the state court record of the proceedings as provided by the respondents pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

Court denied certification on June 8, 1999. (R124). Sciacca did not file a petition for a writ of certiorari with the United States Supreme Court.

Sciacca also alleges that he filed a petition for post-conviction relief ("PCR") in state court, on or about September 1, 1999 (R127), which was denied on September 28, 2001. (R342). The Appellate Division affirmed the denial on October 15, 2003. (R418). Additionally, the New Jersey Supreme Court denied Sciacca's petition for certification on January 21, 2004. (R423). Sciacca claims that his state PCR petition tolled the limitations period under 28 U.S.C. 2244(d)(2). However, he did not file his federal habeas petition until March 5, 2005, after the limitations period expired on January 21, 2005.

Based on review of the record, on August 7, 2006, this Court issued an Order to Show Cause directing the parties to show cause in writing, on or before August 31, 2006, why Sciacca's petition should not be dismissed as time-barred.[3] Respondents filed a

---

[3] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a district court to raise the issue sua sponte prior to ordering an answer. Recently, the Supreme Court held that district courts are permitted to consider sua sponte the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely. Day v. McDonough, 126 S.Ct. 1675, 1684

response to the Order to Show Cause on August 30, 2006, stating that the petition should be deemed time-barred under 28 U.S.C. § 2244(d). Petitioner did not file any response to this Court's August 7, 2006 Order.

## II.   STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

---

(April 25, 2006).

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996). The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254. See Burns, 134 F.3d at 111. See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13. Thus, the one-year limitations period begins to run at that time.

However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[4] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if

---

[4] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particularly abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

6

the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) is also subject to equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).[5] However, the one-year limitations period in § 2244(d)(1) can only be equitably tolled when a petitioner has "exercised reasonable diligence in investigating and bringing the claims." Miller, 145 F.3d at 618.

---

[5] Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations omitted).

7

Excusable neglect is insufficient; rather, petitioner must in some extraordinary way demonstrate that he was prevented from asserting his rights. Id. There are three enumerated circumstances that would permit equitable tolling in the instant case: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; or (3) the petitioner timely asserted his rights in the wrong forum. Jones, 195 F.3d at 159. The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

Among other things, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas

8

petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Here, Sciacca's judgment of conviction and sentence became final on September 6, 1999, 90 days after the New Jersey Supreme Court denied certification on direct appeal (which was June 8, 1999). See 28 U.S.C. § 2244(d)(1); Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13. Consequently, Sciacca had one year from September 6, 1999, or until September 6, 2000 to bring his federal habeas petition under § 2254.

The Court also finds that there was statutory tolling of the limitations period under § 2244(d)(2) before September 6, 2000 because Sciacca filed his state PCR application on or about September 1, 1999, before his conviction became final on September 6, 1999. The state PCR petition remained pending in state court until January 21, 2004, when the New Jersey Supreme Court denied certiorari on appeal. Therefore, the limitations period began to run on January 21, 2004, see N.J.Ct.R. 2:4-1(a). See Swartz v. Meyers, 204 F.3d at 420-24 (a state PCR petition remains pending from the time it was filed through the time in which the highest court denies the relief). Sciacca had one year

9

from January 21, 2004, or until January 21, 2005, to timely file his federal habeas petition. Sciacca filed his § 2254 habeas petition on March 4, 2005, more than one month after the limitations period had expired.

Pursuant to Day v. McDonough, 126 S.Ct. 1675 (April 25, 2006), this Court gave the parties an opportunity to address the issue of timeliness before dismissing the case as time-barred under 28 U.S.C. § 2244(d). Although the State did not raise the issue of time-bar in the answer to the petition, the State responded to the Court's Order to Show Cause, agreeing that the habeas petition was clearly filed after the limitations period had expired. Petitioner did not respond to the Order to Show Cause.

Thus, Sciacca has not proffered any valid excuse, extraordinary or otherwise, for equitable tolling. Instead, it would appear that Sciacca may have mistakenly assumed that the 90-day period for filing a petition for a writ of certiorari with the United States Supreme Court would apply in tolling the limitations period on his federal habeas action after the New Jersey Supreme Court denied certification on his state PCR petition on January 21, 2004. It does not. See Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001)("the time during

which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)").

Consequently, Sciacca's mistake in filing his petition belatedly does not save this action from dismissal. Miscalculation of the statutory period does not constitute extraordinary circumstances to permit equitable tolling. Fahey, 240 F.3d at 244. Moreover, even if Sciacca was ignorant of the fact that the limitations period began to run on January 21, 2004, when the New Jersey Supreme Court denied certiorari on his appeal from denial of post-conviction relief, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001). Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); see also Jones, 195 F.3d at 159-60. Accordingly, petitioner does not demonstrate any extraordinary circumstances that would permit the equitable tolling of the one-year statute of limitations.

Therefore, because Sciacca failed to file a timely petition and demonstrates no extraordinary circumstances that would allow

11

equitable tolling, the Court is precluded from reviewing this petition for habeas corpus relief under § 2254. Since the § 2254 petition is time-barred under § 2244(d), it will be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this

12

conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d)(1); and the Court will dismiss the petition accordingly.

s/Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

DATED: September 7, 2006

13